## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHMED KHALFAN GHAILANI, )<br><br>Petitioner, )<br><br>v. )<br><br>ROBERT M. GATES,<br>Secretary of Defense, *et al.*, )<br><br>Respondents ) | Civil Action No. 08-cv-1190 (RJL) |

**MOTION TO (1) STRIKE SCOTT L. FENSTERMAKER'S UNAUTHORIZED NOTICE OF APPEARANCE AS PETITIONER'S COUNSEL IN THIS MATTER, (2) NAME DAVID H. REMES AS PETITIONER'S COUNSEL IN THIS MATTER, AND (3) BAR MR. FENSTERMAKER FROM MAKING ANY FURTHER FILINGS HOLDING HIMSELF OUT AS PETITIONER'S COUNSEL IN THIS MATTER**

On July 10, 2008, Scott L. Fenstermaker filed this habeas corpus action (Doc. 1) purportedly on behalf of Petitioner, Ahmed Khalfan Ghailani, and entered a notice of appearance purporting to be Mr. Ghailani's counsel. (Doc. 4.) However, *Mr. Fenstermaker* filed this action without Mr. Ghailani's authorization and contrary to Mr. Ghailani's instructions. Accordingly, Mr. Ghailani respectfully moves to (1) strike Mr. *Fenstermaker*'s unauthorized notice of appearance in this matter, (2) name David H. Remes, *the undersigned*, as Mr. Ghailani's counsel in this matter, and (3) bar *Mr. Fenstermaker* from making any further filings holding himself out as Mr. Ghailani's counsel in this matter. This motion is supported by declarations of Lieutenant Colonel (LTC) Michael L. Acuff, Detailed Defense Counsel for Mr. Ghailani in his Military Commission proceedings (Acuff Decl.) (Attach. A) and Colonel (COL) Steven H. David, Chief Defense Counsel for the Military Commissions (David Decl.) (Attach. B).

1.    Mr. Ghailani is an individual held by Respondents as an "enemy combatant" at Guantánamo. On March 31, charges were sworn against Mr. Ghailani and forwarded to the Convening Authority, Susan J. Crawford, to decide whether to refer the charges to trial by military commission.

2.    On April 24, COL David detailed LTC Acuff as the Detailed Defense Counsel for Mr. Ghailani in regard to the charges preferred against Mr. Ghailani in the military commissions process. David Decl. ¶ 2. As Detailed Defense Counsel, LTC Acuff has met with Mr. Ghailani approximately ten times, most recently on July 16. Acuff Decl. ¶ 3.

3.    Mr. Ghailani initially accepted military counsel appointed to him along with civilian counsel who had volunteered to assist him in the commissions process to include David H. Remes (*the undersigned*), Randy Coyne and *Scott L. Fenstermaker*. Acuff Decl. ¶ 4.

## I.    MR. GHAILANI'S DTA ACTION IN D.C. CIRCUIT

4.    On May 29, Mr. Ghailani filed a petition in the D.C. Circuit under the Detainee Treatment Act of 2005 (DTA), *Ghailani v. Gates*, No. 08-1209 (D.C. Cir.). The petition listed, as counsel, LTC Acuff, *the undersigned*, Mr. Coyne, and *Mr. Fenstermaker* as Mr. Ghailani's counsel. The petition listed Robert M. Gates, Secretary of Defense, as Respondent. There ensued the following activity:

a.    On June 11, 12, and 16, Mr. Ghailani told LTC Acuff that he did not want counsel in the DTA action or any other matter. Acuff Decl. ¶ 5, 6. COL David witnessed one such communication on June 12. David Decl. ¶ 3. Mr. Ghailani asked that no legal actions be filed on his behalf in any court outside of Guantánamo, and that any action previously filed on his behalf outside of Guantanamo be dismissed. Acuff Decl. ¶ 5; David Decl. ¶ 3.

b.    On June 17, LTC Acuff conveyed Mr. Ghailani's position to *the undersigned*, Mr. Coyne, and *Mr. Fenstermaker*. See Acuff Decl. ¶ 6. On June 23, COL David sent *Mr. Fenster-*

*maker* an email stating: "As far as I am concerned, you do not represent Mr. Ghailani. He neither wants to see you nor wants you to represent him." (Attach. C) *See also* David Decl. ¶ 3.

      c.       On June 23, Respondent filed a motion to hold Mr. Ghailani's DTA action in abeyance or in the alternative dismiss the action without prejudice.

      d.       On June 30, at Mr. Ghailani's direction, *the undersigned* filed a motion to dismiss the DTA action voluntarily. See Acuff Decl. ¶ 5; David Decl. ¶ 3.

      e.       On July 1, notwithstanding LTC Acuff's and COL David's communications of June 17 and 23, *Mr. Fenstermaker* filed a purported response to Respondent's motion of June 23 to hold the DTA action in abeyance or dismiss.

      f.       On July 3, at Mr. Ghailani's direction, *the undersigned* filed a motion to withdraw his motion for voluntary dismissal of the DTA action. See Acuff Decl. ¶ 8.

      g.       On July 18, Respondent filed a reply to *Mr. Fenstermaker*'s purported response to Respondent's motion of June 23 to hold in abeyance or dismiss.

## II.    THE INSTANT HABEAS ACTION

      6.     On June 26, notwithstanding LTC Acuff's and COL David's communications of June 17 and 23, *Mr. Fenstermaker* mailed a habeas corpus petition to the Clerk of the District Court for filing purportedly on behalf of Mr. Ghailani. The case was docketed on July 10 as *Ghailani v. Gates et al.*, No. 1:08-cv-01190 (RJL) (D.D.C. July 10, 2008) (Doc. 1).

      7.     In a meeting with LTC Acuff on July 1-3, Mr. Ghailani became "very upset" when informed that, since his last meeting with LTC Acuff, *Mr. Fenstermaker* had filed a habeas action, "contrary to his direction." Acuff Decl. ¶ 7. On July 16, LTC Acuff and COL David met with Mr. Ghailani. According to LTC Acuff:

> [¶ 8] . . . Mr. Ghailani clearly expressed that he now wished litigation in support of his commissions case to continue, to include any DTA action in the D.C. Circuit and any habeas action in the District Court. He stated that he wanted David

Remes to represent him in regard to these matters. Conversely, he expressed that he did not want Mr. Fenstermaker to represent him in these or any other matters.

[¶ 9] Mr. Ghailani stated that he desires to be represented by detailed military counsel in the military commissions. He stated that he believes that he will want Mr. Remes and Mr. Coyne to represent him in the commissions process but would like to meet them before making a final decision. At this point, Mr. Ghailani states that he does not want to be represented by Mr. Fenstersmaker and does not desire that Mr. Fenstermaker be brought to Guantanamo Bay to meet him.

Acuff Decl. ¶ 8, 9; see also David Decl. ¶ 4.

## III.    RELIEF REQUESTED.

Mr. Ghailani does not want *Mr. Fenstermaker* to serve as his counsel in this or any other matter. Accordingly, this Court should (1) strike *Mr. Fenstermaker*'s notice of appearance in this matter, (2) name David H. Remes as Mr. Ghailani's counsel in this matter, and (3) bar *Mr. Fenstermaker* from making any further filings holding himself out as Mr. Ghailani's counsel in this matter. The Court should direct the clerk to modify the docket sheet to show Mr. Remes instead of *Mr. Fenstermaker* as Mr. Ghailani's counsel.

## CONCLUSION

For the foregoing reasons, the motion should be granted.

Respectfully submitted,

/s/
_____

David H. Remes
D.C. Bar No. 370782
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004-2401
Tel: (202) 662-5212
Fax: (202) 778-5212

*Counsel for Petitioner*

July 25, 2008
Washington, DC

**ATTACHMENT A**

# DECLARATION OF
## LIEUTENANT COLONEL MICHAEL L. ACUFF

## WITH THE UNITED STATES ARMY AT ARLINGTON, VIRGINIA

1. My name is Lieutenant Colonel Michael L. Acuff. I am a member of the United States Army Reserves, currently activated for service with the Office of Military Commissions (Defense) at Arlington, Virginia.

2. On April 24, 2008, I was detailed by Chief Defense Counsel Steven H. David as the Detailed Defense Counsel for Ahmed Ghailani in regard to the charges preferred against Mr. Ghailani in the military commissions process. Mr. Ghailani was at that time and still is currently held by the United States government in facilities located in Guantanamo Bay, Cuba.

3. As detailed counsel for Mr. Ghailani, I have met with Mr. Ghailani approximately ten times. We discussed his counsel rights and choices at many of these meetings. I last met with Mr. Ghailani on 16 July 2008.

4. During our meetings, Mr. Ghailani has taken different positions regarding his employment of counsel. Mr. Ghailani initially accepted military counsel appointed to him along with civilian counsel who had volunteered to assist him in the commissions process to include David Remes, Randy Coyne and Scott Fenstermaker.

5. On 11 June 2008, Mr. Ghailani informed me for the first time – consistent with the well-publicized stances of other High Value Detainees at Guantanamo the week before -- that he had decided to represent himself with assistance from standby counsel. In concert with this decision, he asked that no legal actions be filed on his behalf in any court outside of Guantanamo and that any action previously filed on his behalf outside of Guantanamo be dismissed. COL David visited Mr. Ghailani with me the next day on 12 June 2008. At that meeting, Mr. Ghailani confirmed his desires as expressed the day before.

6. Mr. Ghailani continued with this stance when I visited him on 16 June 2008. I conveyed Mr. Ghailani's position to Mr. Remes, Mr. Coyne and Mr. Fenstermaker by email on 17 June 2008.

7. When I next visited Mr. Ghailani on 1-3 July 2008, he continued with his stance that he wished to represent himself. When informed that since our last meeting Mr. Fenstermaker had filed a habeas action contrary to his direction, he became very upset. In response to what had occurred, he stated that he did not want the action dismissed but he wanted to be allowed to travel to Washington, D.C. to handle the litigation himself.

8. I visited with Mr. Ghailani along with COL David on 16 July 2008. Mr. Ghailani clearly expressed that he now wished litigation in support of his commissions case to continue, to include any DTA action in the D.C. Circuit and any habeas action in the

District Court. He stated that he wanted David Remes to represent him in regard to these matters. Conversely, he expressed that he did not want Mr. Fenstermaker to represent him in these or any other matters.

9. Mr. Ghailani stated that he desires to be represented by detailed military counsel in the military commissions. He stated that he believes that he will want Mr. Remes and Mr. Coyne to represent him in the commissions process but would like to meet them before making a final decision. At this point, Mr. Ghailani states that he does not want to be represented by Mr. Fenstersmaker and does not desire that Mr. Fenstermaker be brought to Guantanamo Bay to meet him.

FURTHER THE DECLARANT SAITH NOT.

_Michael L. Acuff_
LTC MICHAEL L. ACUFF

## NOTARY

I, _Thomas J Krzyminski_ , the undersigned official, do hereby certify that on this _2-3_ day of July, 2008, before me, personally appeared LIEUTENTANT COLONEL MICHAEL L. ACUFF, 1605 Gunston Hall Road, Hixson, Tennessee 37343,, and who is known to me to be a United States Armed Forces member on active duty, and to be the identical person who is described herein, whose name is subscribed to, and who signed and executed the foregoing instrument and having first made known to him the contents thereof, he personally acknowledged that he signed the same, on the date it bears, as his true, free, and voluntary act and deed or uses, purposes, and considerations therein set forth. I do further certify that I am, at the date of this certificate, a commissioned officer in the _United States Air Force_ in the rank or grade stated required on this certificate, that by statute no seal is required, and same is executed by me I that capacity.

NAME _Thomas J Krzyminski_

_Lt Col, USAF, JAG_
RANK, BRANCH, POSITION

_OMC. D_
COMMAND OR ORGANIZATION

Authority: Title 10, United States Code, sections 936 and 1004a.

**ATTACHMENT B**

## DECLARATION OF
## COLONEL STEVEN H. DAVID

WITH THE UNITED STATES ARMY AT GUANTANAMO BAY, CUBA

1. My name is Colonel Steven H. David. I am a member of the United States Army
Reserves, currently activated for service with the Department of Defense as the Chief
Defense Counsel for the Military Commissions. I have overall supervision for the
management and operation of the Defense Office charged with representing those
detainees held at Guantanamo Bay who are charged before the Military Commissions.

2. On April 24, 2008 I detailed Lieutenant Colonel (LTC) Michael L. Acuff as the
Detailed Defense Counsel for Ahmed Ghailani in regard to the charges preferred against
Mr. Ghailani in the military commissions process. Mr. Ghailani was at that time and still
is currently held by the United States government in facilities located in Guantanamo
Bay, Cuba.

3. On 12 June 2008 I met with LTC Acuff and Mr. Ghailani to discuss Mr. Ghailani's
counsel choices with him. At that meeting Mr. Ghailani stated that, at the present time,
he wished to represent himself. He also expressed that nothing should be filed on his
behalf in any forum outside of the commissions and that anything previously filed on his
behalf should be dismissed. I personally notified Attorney Scott Fenstermaker by email
that Mr. Ghailani had withdrawn authority for any counsel to act on his behalf.

4. On 16 July 2008 I again met with Mr. Ghailani with LTC Acuff. Mr. Ghailani clearly
expressed that he now desired that the litigation in support of his commissions case
continue, to include the habeas corpus action in the D.C. Circuit.. He stated that he
wanted David Remes to represent him in regard to these matters. In addition, he
unequivocally expressed that he did not want Scott Fenstermaker to represent him in
these matters.

FURTHER THE DECLARANT SAITH NOT.

_____

COL STEVEN H. DAVID

### NOTARY

I, Katharine Doxakis _____, the undersigned official, do hereby certify that
on this 22 day of July, 2008, before me, personally appeared COL STEVEN H.
DAVID, at Guantanamo Bay Cuba ___, who is known to me to be a United
States Armed Forces member on active duty, and to be the identical person who is
described herein, whose name is subscribed to, and who signed and executed the
foregoing instrument and having first made known to him the contents thereof, he

personally acknowledged that he signed the same, on the date it bears, as his true, free, and voluntary act and deed or uses, purposes, and considerations therein set forth.  I do further certify that I am, at the date of this certificate, a commissioned officer in the Lieutenant Commander in the rank or grade stated required on this certificate, that by statute no seal is required, and same is executed by me I that capacity.


_____
NAME

_____
RANK, BRANCH, POSITION

_____
COMMAND OR ORGANIZATION

Authority:  Title 10, United States Code, sections 936 and 1004a.

## ATTACHMENT C

-----Original Message-----

From: David, Steven, COL, DoD OGC

Sent: Monday, June 23, 2008 4:33 PM

To: 'Scott Fenstermaker'; 'Acuff, Michael L LTC RES USAR USARC'

Cc: 'Randy Coyne'; Acuff, Michael, LTC, DoD OGC

Subject: RE: RE: New Draft Letter to Crawford and Hartmann


Mr. Fenstermaker,

Please do not make any requests of LTC Acuff. He is the detailed counsel for

Mr. Ghailani. Per my instructions, he will continue to meet with Mr.

Ghailani unless and until Mr. Ghailani directs otherwise or a Military Judge

directs otherwise. He has an obligation under the Military Commissions Act

and he will continue to do what is expected of him.

Please take me off your distribution list.

As far as I am concerned, you do not represent Mr. Ghailani. He neither

wants to see you nor wants you to represent him.

COL Steven David
Chief Defense Counsel
Office of Military Commissions
Franklin Court Building, Suite 2000E
1099 14th Street, NW
Washington, DC 20005
***
(202) 761-0133 Ext 103
Fax:(202) 761-0510