**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

-----------------------------------------------------------

AHMED KHALFAN GHAILANI,

                          Petitioner,                         08 cv 1190 (RJL)

        v.

                                                   **[PROPOSED] ORDER**

ROBERT M. GATES,

                         Respondent.

-----------------------------------------------------------

The Court, having considered the July 25, 2008 application of David H. Remes, Esq.,

and Petitioner's response thereto and request for affirmative relief, by Petitioner's counsel Scott

L. Fenstermaker, Esq., dated August 4, 2008, and the reply of David H. Remes, Esq., to

Petitioner's response, and Petitioner's reply to the response of David H. Remes, Esq., it is hereby

FOUND that David H. Remes, Esq., has failed to demonstrate that Petitioner has

authorized him to act on his behalf before this, or any other court; it is hereby further

FOUND that David H. Remes, Esq. has failed to demonstrate that Lt. Col. Michael

Acuff, who was assigned by the Office of the Chief Defense Counsel to serve as associate

detailed defense counsel for Petitioner before the military commissions, is authorized to

represent Petitioner in any civil action in this, or any other, court; and it is further

FOUND that David H. Remes, Esq.'s authority derives solely as a result of his

selection, by Lt. Col. Acuff, as subordinate civilian counsel; and it is hereby further

FOUND that David H. Remes, Esq. had no authority to file his July 25, 2008

application styled motion to (1) strike Scott L. Fenstermaker's notice of appearance as

Petitioner's counsel in this matter; (2) name David H. Remes as Petitioner's counsel in this

matter; and (3) bar Mr. Fenstermaker from making any further filings holding himself out as Petitioner's counsel in this matter as he is merely acting as an agent of the United States military herein; and it is hereby further

FOUND that Scott L. Fenstermaker, Esq. has demonstrated to the satisfaction of this Court that he is Petitioner's attorney of choice in this, and all matters; and it is further

FOUND that Respondent and his subordinates, to include, but not limited to, the Office of the General Counsel of the Department of Defense and the Office of the Staff Judge Advocate at the United States Naval Station at Guantánamo Bay, Cuba, have acted in violation of Petitioner's Fifth and Sixth Amendment rights to due process of law and to counsel of his choice by obstructing Scott L. Fenstermaker's access to and communication with Petitioner by unduly delaying the granting of the necessary security clearance and their refusal to deliver his privileged and confidential mail to Petitioner; and it is further

FOUND that members of the Office of Chief Defense Counsel, to include, but not limited to, Colonel Steven H. David, JAGC, USAR and Lt. Col. Michael Acuff, JAGC, USAR acted in violation of Petitioner's Fifth and Sixth Amendment rights to due process of law and to counsel of his choice by obstructing Scott L. Fenstermaker's access to and communication with Petitioner and otherwise interfered with Scott L. Fenstermaker's ability to effectively represent Petitioner; and it is further

FOUND that Petitioner's decision to appear *pro se* in all matters was the direct result of the refusal by Respondent, his subordinates, and members of the Office of the Chief Defense Counsel for the Office of Military Commissions to permit his retained counsel, Scott L. Fenstermaker, Esq. access to and communication with Petitioner; and it is hereby

[OR]

FOUND that Scott L. Fenstermaker has established reasonable cause to believe that he has authority to act as Petitioner's counsel; and it is further

FOUND that Scott L. Fenstermaker has demonstrated Petitioner would sustain irreparable harm in Petitioner's defense before the military commissions if war crimes charges were referred to a military commission before the instant motion is resolved and Petitioner's attorney of choice can be present to assist in his defense; and it is hereby

ORDERED that David Remes' Motion to (1) strike Scott L. Fenstermaker's notice of appearance as Petitioner's counsel in this matter; (2) name David Remes as Petitioner's counsel in this matter; and (3) bar Mr. Fenstermaker from making further filings holding himself out as Petitioner's counsel in this matter is denied in its entirety; and it is further

ORDERED that Scott L. Fenstermaker is the attorney of record in this action filed on behalf of Petitioner seeking a writ of *habeas corpus*; and it is further

ORDERED that Respondent and his subordinates, to include Susan J. Crawford, are hereby prohibited from referring war crimes charges against Petitioner until this Court renders a decision on the July 25, 2008 application of David H. Remes, Esq. and the August 4, 2008 request for affirmative relief by Petitioner.

[OR]

ORDERED that an evidentiary hearing be held to determine Petitioner's true intention with respect to his attorneys; and it is further

ORDERED that an evidentiary hearing be held to determine whether Petitioner's decision(s) with respect to counsel have been made in a knowing and voluntary fashion; and it is further

ORDERED that an evidentiary hearing be held at which Colonel Steven H. David and Lt. Col. Michael Acuff can be examined by Scott L. Fenstermaker, Esq., in his capacity as Petitioner's attorney, to learn their involvement in Respondent's violation of Petitioner's Fifth and Sixth Amendment rights to due process of law and counsel of his choice; and it is further

ORDERED that Respondent and his subordinates, to include Susan J. Crawford, are hereby prohibited from referring war crimes charges against Petitioner until this Court renders a decision on the July 25, 2008 application of David H. Remes, Esq. and the August 4, 2008 request for affirmative relief by Petitioner.

SO ORDERED

Dated: _____

_____
RICHARD J. LEON
United States District Judge